UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALVARO IGNACIO ABAUNZA,

      Plaintiff,

v.                                       Case No: 2:17-cv-194-FtM-99MRM

GEO GROUP, INC., CORRECT
CARE RECOVERY SOLUTIONS,
GEORGE ZOLEY, KRISTIN
KANNER, MIKE CARROLL,
DONALD SAWYER, REBECCA
JACKSON and CHRIS CATRON,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff's Motion for Default Judgment against Mike Carroll, Kristin Kanner filed November 29, 2018 (Doc. 54) and Defendants Kanner and Carroll's Response in opposition to the same filed December 10, 2018 (Doc. 58). For the following reasons, the Court denies the Motion.

Plaintiff seeks entry of default against Defendants Kanner and Carroll due to the Defendants alleged failure to timely file an answer or otherwise respond to Plaintiff's Amended Complaint. Doc. 54 at 2. Plaintiff contends that on September 7, 2018

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Defendants acknowledged service of Plaintiff's Amended Complaint but failed to file an Answer or otherwise respond to the Amended Complaint within sixty (60) days. *Id.* The docket reveals that on September 7, 2018, the U.S. Marshall returned Proof of Service of summons and the Amended Complaint by certified mail upon Defendants Kanner and Carroll on July 27, 2018. *See* Doc. 45 and Doc. 50. Defendants Kanner and Carroll did not file their Motion to Dismiss Plaintiff's Amended Complaint until December 10, 2018. Doc. 57. Defendants oppose the Motion and point out that after counsel was retained he contacted Defendants Kanner and Carroll, neither had "personal knowledge or an assistant's personal knowledge" of receiving service. Doc. 58 at ¶ 8. Counsel promptly filed notices of Waiver of Service of Summons on October 25, 2018. *See* Doc. 56 and Doc. 57. Consequently, counsel calendared the responsive due date as December 23, 2018. Doc. 58 at 3.

This Court is vested with discretion to extend time limits or deadlines "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b) (1) (B). The Court considers these four factors in determining whether to grant such a motion: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith. Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993); Glover v. City of Pensacola, 372 Fed. Appx. 952, 955 (11th Cir. April 14, 2010). *See also* Fisher v. Office of State Attorney 13th Judicial Circuit Fla., 162 F. App'x 937, 940 (11th Cir. Jan. 19, 2006) (applying the *Pioneer* factors to determine whether Rule 6(b)'s excusable neglect standard was met).

The aforementioned factors weigh in favor of Defendants. Plaintiff has not pointed to a single reason to strike Defendants' Motion to Dismiss other than its untimeliness. This case is in its initial stage. The Court has not yet entered a case management order. The Court cannot discern any prejudice to Plaintiff in permitting Defendants an extension. The Court is admittedly frustrated with the repeated efforts necessary to effectuate service on behalf of *pro* se litigants. Nonetheless, the Court is cognizant that delays are inevitable, especially when delivering documents to governmental entities. The Court finds this *de minimis* delay under the circumstances will have no potential effect on the judicial proceedings.

Based on the above, the Court construes Defendants' response (Doc. 58) as a *nunc pro tunc* motion to extend time to file an answer and affirmative defenses. The Court finds that Defendants have shown excusable neglect and that Plaintiff will suffer no prejudice. Because Defendants have not failed to plead or defend this action, Plaintiff is not entitled to a default judgment. Fed. R. Civ. P. 55(b) (2).

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Default (Doc. 54) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of March 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3